# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GUY DOUGLAS HINES,<br><br>      Plaintiff,<br><br>vs.<br><br>TAMMI AXELSSON, *et al.*<br><br>      Defendants. | Case No. 3:19-cv-00155-RRB |

## **SCREENING ORDER RE: FIRST AMENDED COMPLAINT**

On May 30, 2019, Guy Douglas Hines, a self-represented prisoner, filed a Civil Rights Complaint under 42 U.S.C. § 1983, an Application to Proceed Without Prepayment of the Filing Fee, and a Request for the Appointment of Counsel.[1] In that Complaint, Mr. Hines alleged a single claim of retaliation against Fairbanks Correctional Center Superintendent Tami Axelsson. The Court screened the Complaint, certified the claim, and issued an Order Directing Service and Response, along with an Order to Collect the Filing Fee.[2] Shortly thereafter, Mr. Hines filed several motions to add additional defendants to his Complaint. The

---

[1] Dockets 1; 3; 4.

[2] Dockets 7–8.

Court denied the motions, stayed the Answer from the Defendants, and gave Mr. Hines leave to amend. Mr. Hines proceeded by filing his First Amended Complaint.[3]

In Mr. Hines's First Amended Complaint, he names five defendants: Superintendent Tami Axelsson, Probation Officer Timothy Dye, Probation Officer Jane Doe Hoffert, Contractor Provider John Doe, and Assistant Attorney General Matthias Cicotte. Broadly, he alleges a vast retaliation scheme perpetrated against him from August to early September 2017 due to his questioning of staff and filing of prison grievances.

Mr. Hines alleges that on September 11, 2017, Superintendent Axelsson interfered in an investigation and that when he questioned her staff's conduct, she retaliated against him by placing him in "solitary confinement for a short period, until [he] said [he] wouldn't raise any more of a stink about their actions."[4] Mr. Hines alleges that he "again started asking questions" and that he "was moved to . . . another housing unit, that does not have ready and easy access to medical [which he needs] because of [his] heart condition that is well documented . . . [as he has] to be transported to the hospital when [he has] an episode."[5] In fact, he alleges, he "had an episode with [his] heart, and could not get staffs' attention, and

---

[3] Dockets 9; 11; 12; 15; 16.

[4] Docket 16 at 3.

[5] *Id.*

injured [his] foot doing so, then had to be transported by EMS to the hospital, to have [his] heart converted, then was brought back and put back in the same cell, and was left there until [he] was transferred to GCCC, and no grievance was granted by DOC for her retaliatory conduct."[6] These are the same allegations as previously certified by the Court.[7]

Mr. Hines further alleges that during August to September 2017, Defendants Dye, Hoffert, and Doe retaliated against him by tampering with his state files by removing substance abuse records and assessments. Mr. Hines alleges that these defendants purged his file of these records because of his questioning of corrections staff. Mr. Hines alleges these actions resulted in a denial of both parole and furlough, causing him to remain incarcerated.

Currently, Mr. Hines is litigating the same facts as alleged in this action in state court.[8] The Court takes judicial notice of *Hines v. State of Alaska Board of Parole*, Case No. 3AN-18-10185CI and *Hines v. State of Alaska Department of Corrections*, Case No. 3AN-18-10045CI; both of these cases are appeals from an administrative agency and pending before the Alaska Superior Court. The Court notes that *Hines v. State of Alaska Department of Corrections*, Case No. 3AN-18-10045CI, which was litigating the denial of Mr. Hines's furlough, is closed. The

---

[6] *Id.*

[7] Docket 7.

[8] Docket 16 at 9.

Court further notes that *Hines v. State of Alaska Board of Parole*, Case No. 3AN-18-10185CI, which is litigating Mr. Hines's denial of parole, remains pending, with oral argument set for March 2020.

Lastly, Mr. Hines alleges that Matthias Cicotte has refused to produce records and documents and used "undue delay tactics," which he believes is furtherance of the retaliation scheme. Defendant Cicotte is the Assistant Attorney General representing the Department of Corrections in the afore-mentioned state court cases.[9]

For relief, Mr. Hines requests (1) damages "in excess of $50,000.00 per defendant"; (2) punitive damages to be determined; (3) an order requiring the defendants "tender resignation from DOC entirely"; (4) a declaration that "they did interfere with an investigation, and retaliated"; and (5) "all other staff that acted at the direction, 'Public Admonishment.'"[10]

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner seeking a waiver of the prepayment of the filing fee. In this screening, a court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

---

[9] Docket 16 at 8.

[10] Docket 16 at 11.

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[11]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[12] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[13] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[14]

---

[11] 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(a), (b).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[13] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[14] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

## DISCUSSION

Mr. Hines has alleged a vast retaliation scheme in violation of his civil rights under 42 U.S.C. § 1983. His prior certified claim against Defendant Axelsson remains the same and does not mention the missing records at issue in current state court litigation. At his own admission and as judicially noticed, Mr. Hines currently is litigating in state court on the same facts as raised in the allegations against Defendants Dye, Hoffert, and Doe. Defendant Cicotte represents the Department of Corrections in the current state court case. At this time, Mr. Hines's administrative appeal regarding the denial of his parole proceeds on the theory that his records were purged in retaliation. The doctrine of *Younger* abstention requires the federal court to abstain where a federal court may enjoin a state court criminal or other special civil proceedings. Accordingly, the federal court must abstain from hearing the claims against Defendants Dye, Hoffert, Doe, and Cicotte for the reasons discussed below.

1. <u>Defendant Axelsson</u>

Mr. Hines realleges the same claims against Defendant Axelsson that have been previously certified by the Court.[15] Accordingly, this claim may proceed.

2. <u>Defendants Dye, Hoffert, Doe, & Cicotte</u>

The *Younger* abstention doctrine provides that federal courts may not

---

[15] Docket 16 at 3; *see* Docket 7.

generally exercise jurisdiction when doing so would interfere with state judicial proceedings.[16] The core of *Younger* abstention is that a federal court cannot interfere with pending state court criminal proceedings, absent a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief."[17] Additionally in exceptional circumstances, the *Younger* doctrine extends to state civil proceedings that: (1) "are akin to criminal prosecutions"; (2) "implicate a State's interest in enforcing the orders and judgments of its courts"; (3) "civil enforcement proceedings"; and (4) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts ability to perform their judicial functions."[18]

A federal court "must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates an important state interest; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, *i.e.*, would interfere with the state proceeding in a way that *Younger* disapproves."[19] If the *Younger*

---

[16] *Younger v. Harris*, 401 U.S. 37 (1971).

[17] *Id.* at 54.

[18] *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013).

[19] *San Jose Silicon Valley Chamber of Commerce v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

doctrine applies, the court must dismiss claims seeking equitable relief and stay claims seeking damages pending completion of the state court proceedings.[20]

At issue, Mr. Hines has alleged that retaliation from Defendants Dye, Hoffert, Doe, and Cicotte caused or contributed to the denial of his parole request, because of the interference with his records. The State of Alaska has passed a criminal judgment on Mr. Hines for violations of Alaska state law and continues to incarcerate him for this sentence. Currently, Mr. Hines is challenging his incarceration and the denial of his parole. The State of Alaska has an important interest in enforcing its laws. Mr. Hines has raised and is contesting the core constitutional issue present in this case—retaliation. Mr. Hines has requested injunctive relief, thereby if the federal court intervened it would, in practical effect, enjoin the state matter.

Thus, the matter at present fulfills all the requirements for *Younger* abstention. Therefore, the Court must abstain from exercising jurisdiction and dismiss the claims against Defendants Dye, Hoffert, Doe and Cicotte without prejudice. Mr. Hines should conclude his appeal regarding his parole and then may return to the Court regarding these claims.

## CONCLUSION

Mr. Hines has alleged a vast and multi-party scheme of retaliation resulting in harm to his person and liberty. Mr. Hines's allegations against Defendant

---

[20] *See Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004) (en banc).

3:19-cv-155-RRB, *Hines v. Axelsson*
Screening Order Re: First Amended Complaint
Page 8 of 10

Axelsson are approved to proceed. Due to ongoing litigation in state court and the *Younger* doctrine, the Court must abstain from claims against Defendants Dye, Hoffert, Doe, and Cicotte.

**IT IS THEREFORE ORDERED:**

1. Mr. Hines's Claim 1 alleging retaliation against Defendant Axelsson is approved to proceed.

2. Claims 2–5 alleging retaliation by Defendants Dye, Hoffert, Doe, and Cicotte are dismissed without prejudice, because the Court must abstain from hearing these claims under the *Younger* doctrine. Mr. Hines may refile these claims after the close of litigation in state court.

3. Mr. Hines has until **January 21, 2019** to file either:

    a. <u>Notice of Intent to Proceed on Claim 1 only</u>, which informs the Court that Mr. Hines wishes to proceed solely on Claim 1 against Defendant Axelsson; **or**

    b. <u>Amended Complaint</u>, in which Mr. Hines files restating Claim 1 against Defendant Axelsson in its entirety, and states revised claims against other or different defendants to the Court after correcting the deficiencies identified in this order. Mr. Hines should not allege *any* claims currently being litigated in state court.

4. Any Amended Complaint *must be on this Court's form*, which is being provided to Mr. Hines with this order. An amended complaint replaces the

prior complaint in its entirety.[21]  If Mr. Hines elects to file an amended complaint, Mr. Hines must state all of the claims he seeks to bring, including Claim 1.  Any claims not included in the amended complaint will be considered waived.

5. If Mr. Hines does not file either a Notice of Intent to Proceed on Claim 1 or an Amended Complaint on the Court form by **January 21, 2019,** the matter will proceed under the current Amended Complaint on Claim 1 only.

6. At all times, Mr. Hines must keep the Court informed of any change of address.  Such notice shall be titled "NOTICE OF CHANGE OF ADDRESS."  This notice must not include any requests for any other relief, and it must be served on any Defendant's attorney who makes an appearance in this case.  Failure to file a notice of change of address may result in the dismissal of this case under Rule 41(b) of the Federal Rules of Civil Procedure.

7. The Clerk of Court is directed to send Mr. Hines the following forms with this Order:  (1) form PS01, with "SECOND AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983;" (2) PS21 Pro Se Notice; and (3) form PS23, Notice of Change of Address.

DATED at Anchorage, Alaska this 20th day of December, 2019.

*/s/ Ralph R. Beistline*
Senior United States District Judge

---

[21] Local Civil Rule 15.1.